# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SULLIVAN**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of

**YERMIA SOLOMON,**

                                  **Petitioner,**

**For an Order and Judgment pursuant to**
**Article 78, CPLR,**

                      **-against-**

**VILLAGE OF MONTICELLO POLICE DEPARTMENT,**
**VILLAGE OF MONTICELLO BOARD OF TRUSTEES, THE**
**VILLAGE OF MONTICELLO, and GEORGE NIKOLADOS,**
**Individually and as Mayor and Village Manager,**

                      **Respondents.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF**
**PETITION**

**Index No.:**
**E2021-1208**

      **PLEASE TAKE NOTICE** that upon the annexed petition of YERMIA SOLOMON,

verified on July 20, 2021, the undersigned attorneys for the petitioner herein will make an

application to this Court at an Individual Assignment Part thereof, to be held at the Supreme Court

building, 414 Broadway, Monticello, New York 12701, on August 13, 2021 or as soon thereafter

as counsel can be heard, for an Order and Judgment pursuant to CPLR Article 78, for relief

demanded in the petition, and for such other and further the relief as may be just, proper and

equitable, together with reasonable attorneys' fees, and the costs and disbursements of this

proceeding.

      **PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR §7804 an answer and

supporting affidavits, if any, shall be served at least five (5) days before the aforesaid date of

hearing.

      Petitioners designate Sullivan County as the place of trial. The basis of venue is that

Sullivan County is the county within the judicial district where the petitioner was employed by

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 3 of 22

Respondent Village of Monticello Police Department, where respondents made the determination complained of, and/or where the material events otherwise took place.

Dated: Melville, New York
      July 20, 2021

                Sincerely,

                GILBERT LAW GROUP



                _____
                HOWARD E. GILBERT

                Attorneys for Petitioner Yermia Solomon
                425 Broadhollow Road, Suite 405
                Melville, New York 11747-4701
                631.630.0100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

------------------------------------------------------x

In the Matter of the Application of

YERMIA SOLOMON,

                                       Petitioner,

For an Order and Judgment pursuant to
Article 78, CPLR,

                        -against-

VILLAGE OF MONTICELLO POLICE DEPARTMENT,
VILLAGE OF MONTICELLO BOARD OF TRUSTEES, THE
VILLAGE OF MONTICELLO, and GEORGE NIKOLADOS,
Individually and as Mayor and Village Manager,

                               Respondents.

------------------------------------------------ ---------------x

**VERIFIED
PETITION**

Index # E2021-1208

Petitioner, YERMIA SOLOMON, respectfully alleges:

    1.     At all times hereinafter relevant, petitioner YERMIA SOLOMON ("petitioner" or "Mr. Solomon") was and still remains a resident of Kings County, residing at 207 Ross Street, Brooklyn, New York.

    2.     At all times hereinafter relevant, respondents Village of Monticello Police Department (hereinafter, "Police Department"), the Village of Monticello (hereinafter, "Village"), Village of Monticello Mayor/Manager George Nikolados (hereinafter, "Nikolados" or "Mayor Nikolados"), and the Village of Monticello Board of Trustees (hereinafter, "Board"), (hereinafter collectively referred to as "respondents"), have their principal office located at 2 Pleasant Street in Monticello, New York 12701.

    3.     Venue for this special proceeding is Sullivan County as Sullivan County is the county within the judicial district where the petitioner was employed, where respondents made the determination complained of, and/or where the material events otherwise took place.

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 5 of 22

4.      Upon information and belief, George Nikolados is the Mayor and Village Manager of the Village of Monticello.

5.      In or around September 2020, George Nikolados was elected to serve as the Mayor and Village Manager of the Village of Monticello.

6.      From in or around May 2018 until October 2020, Gary Sommers served as the Mayor and Village Manager of the Village of Monticello.

7.      Initially, prior to his appointment as Public Safety Dispatcher in Sullivan County, Yermia Solomon served as a competitive class civil service employee in the classified civil service of Sullivan County from in or around May 2013 until on or about April 16, 2018.

8.      Yermia Solomon was appointed to serve as a probationary Police Officer in the Village of Woodridge Police Department in Sullivan County in or around May 2013.

9.      Yermia Solomon voluntarily transferred to the Village of Monticello Police Department as a Police Officer on or about October 11, 2014.

10.     In order to voluntarily transfer to the Village of Monticello Police Department prior to completing one (1) year of civil service in Sullivan County, Mr. Solomon had to be certified as a permanent employee of Sullivan County.

11.     Mr. Solomon successfully completed his probationary term for the Village of Woodridge Police Department and became a permanent employee of Sullivan County in or around October 2014.

12.     Mr. Solomon remained a Police Officer for the Village of Monticello Police Department until he resigned on or about April 16, 2018.

13.     Both Police Officer and Public Safety Dispatcher titles are competitive class positions within the classified Civil Service of Sullivan County.

14.     On or about January 11, 2020, Mr. Solomon took the Sullivan County Public Safety Dispatcher Examination #68910.

15.     As Village Mayor and Manager, Mayor Sommers was the Appointing Officer for the Public Safety Dispatcher position for the Village of Monticello.

16.     On or about September 17, 2020, Mayor Gary Sommers, appointed Mr. Solomon to a permanent Public Safety Dispatcher position. Please see the official Certification of Eligibles List which memorializes this fact attached as Exhibit 1.

17.     On or about September 17, 2020, Mr. Sommers notified the Sullivan County Personnel Department and Mr. Solomon of his permanent appointment as a Public Safety Dispatcher. Ex. 1.

18.     On or about April 9, 2021, Mr. Solomon was served with a letter notifying him that he was being terminated for "unsatisfactory job performance."

19.     There is neither evidence nor rational basis to support the statement that Mr. Solomon's job performance as Public Safety Dispatcher was in any way or at any time unsatisfactory. At all relevant times, Mr. Solomon's job performance as Public Safety Dispatcher was nothing less than exemplary.

20.     Mr. Solomon was never written up, counseled, reprimanded, placed on a performance improvement plan, or subject to any form of progressive discipline.

21.     Mr. Solomon's employment was summarily terminated without any of the necessary due process requirements afforded to permanent employees pursuant to Section 75 of the Civil Service Law.

22.     During Mr. Solomon's five-year tenure as a Police Officer in Sullivan County, a substantial portion of his duties encompassed working as a Public Safety Dispatcher.

23.     Approximately 30-50% of Mr. Solomon's responsibilities as a Police Officer comprised Public Safety Dispatcher duties. Petitioner Solomon always performed his Dispatcher responsibilities in an exemplary manner.

24.     Pursuant to Civil Service Law § 20, local municipal civil service departments or commissions are empowered to promulgate rules consistent with state law governing the appointment of employees in the classified civil service of their respective jurisdictions.

25.     In accordance with Civil Service Law § 20, the rules promulgated by Sullivan County Human Resources Department have the force and effect of law.

26.     According to the applicable Rule XIII, 2.c. of the Rules for the classified Civil Service of the County of Sullivan (hereinafter, "Sullivan County Civil Service Rules"), "The appointing authority having jurisdiction over the position to which transfer is sought, may elect to waive the probationary term... by written notification to the transferee and the Personnel Officer."

27.     Because Mr. Solomon already demonstrated competence sufficient to warrant a permanent appointment as a Public Safety Dispatcher, Mayor Sommers intentionally and properly waived Mr. Solomon's probationary period by appointing him directly to permanent status. *See,* Ex. 1.

28.     If Mr. Solomon was appointed to a probationary appointment, it would have been an unreasonable, arbitrary and capricious act, as the standard for a probationary appointment had already been more than fulfilled based on Mr. Solomon's prior service as a Police Officer who had performed substantial duties as a Public Safety Dispatcher for the Village of Monticello Police Department for more than three years.

29.     Rule XIII, 1.a. of the Sullivan County Civil Service Rules states that, "... every permanent appointment from an open-competitive list and every permanent appointment to a position in the non-competitive, exempt or labor class shall be for a probationary term of not less than eight nor more than twenty-six weeks."

30.     In the alternative, if Mr. Solomon was not appointed to a permanent position, he became a permanent employee by serving as a Public Service Dispatcher for the minimum permissible amount of time, eight weeks, after his appointment.

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 8 of 22

31.     As such, given that Mayor Sommers intended to waive the entire probationary period for Mr. Solomon, if that permanent appointment is not recognized, Mr. Solomon became a permanent appointee by estoppel after eight (8) weeks pursuant to Rule XIII, 1.a., *i.e.,* on November 12, 2020.

32.     Significantly, as further evidence of Mr. Solomon's permanent appointment, there was never any Village Board resolution appointing Mr. Solomon to a probationary term.

33.     The Village Board's inaction as above-described evidence its intent that petitioner Solomon's appointment was a permanent appointment as a Public Safety Dispatcher.

34.     Mr. Solomon was never provided any notice, written or otherwise, that he was being appointed to a probationary term.

35.     The only notice Mr. Solomon ever received regarding his employment as a Public Safety Dispatcher was that he was appointed to a permanent position pursuant to the Certification of Eligibles List filed with the Sullivan County Human Resources Department.

36.     Rule XIII, 5 of the Sullivan County Civil Service Rules mandates that Mr. Solomon's performance be carefully evaluated.

37.     Specifically, Rule XIII, 5 states:

> The appointing authority and supervisor of a probationer will carefully evaluate the probationer's work performance of the duties and responsibilities of the position. A probationer whose services are to be terminated for unsatisfactory service ***shall*** be given ***written*** notice ***prior*** to such termination and, upon request shall be granted an interview with the appointing authority or his/her representatives.

Emph. added.

38.     Although Mr. Solomon's employment was terminated for alleged unsatisfactory performance, at no time was Mr. Solomon provided any written notice prior to his termination.

39.     In fact, Mr. Nikolados' letter terminating Mr. Solomon's employment was "effective immediately." *See,* Exhibit 2. This clear-cut violation of mandatory advance written notice invalidates Mr. Solomon's termination.

7

40.     Mr. Solomon has never had an unsatisfactory performance evaluation or review.

41.     As such, Mr. Solomon's summary discharge from employment as a Public Safety Dispatcher was imposed without any specific reason, without the requisite advance written notice and opportunity for an interview.

## AS AND FOR A FIRST CAUSE OF ACTION

## ARBITRARY, CAPRICIOUS CONDUCT, AND/OR AN ABUSE OF DISCRETION

42.     Mr. Solomon repeats and realleges paragraphs numbered 1 through 41 as if fully set forth herein.

43.     Mr. Solomon was appointed to a permanent position as a Public Safety Dispatcher on or about September 17, 2020.

44.     Despite Mr. Solomon's permanent appointment, respondents refused and/or failed to recognize Mr. Solomon as a permanent employee of Sullivan County.

45.     Mr. Solomon was served with a letter notifying him of his abrupt and summary termination from employment on April 9, 2021, a period of almost twenty-nine weeks after his appointment.

46.     Respondents terminated Mr. Solomon from employment for alleged unsatisfactory work performance even though he satisfied or exceeded the job performance requirements necessary to serve as a Public Safety Dispatcher.

47.     In addition to the above-described improper termination, respondents departed from mandatory legal requirements and/or well-settled past practices, policies, and/or procedures in terminating Mr. Solomon's employment as a Public Safety Dispatcher.

48.     At all relevant times, petitioner was and remains fully qualified and competent to work as a Public Safety Dispatcher.

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 10 of 22

49.     The terms and conditions of employment for all Sullivan County Civil Service employees, including Petitioner Solomon, are contained in the Sullivan County Civil Service Rules.

50.     According to Rule XIII, 1.a. of the Sullivan County Civil Service Rules:

Except as otherwise provided in these rules, every permanent appointment from an open-competitive list and every permanent appointment to a position in the non-competitive, exempt or labor class shall be for a probationary term of not less than eight nor more than twenty-six weeks.

51.     Upon information and belief, the respondents deviated significantly from its policies, procedures, and practices and committed numerous violations of the Sullivan County Civil Service Rules and other relevant legal requirements with regard to its termination of petitioner's employment.

52.     Respondents acted in an arbitrary, capricious manner, acted in error of law, and/or otherwise abused their discretion when they failed and/or refused to follow any of the necessary due process requirements afforded to permanent employees pursuant to Section 75 of the Civil Service Law.

53.     Respondents acted in an arbitrary, capricious manner, acted in error of law, and/or otherwise abused their discretion when they failed to conduct any performance evaluations throughout Mr. Solomon's employment as Public Safety Dispatcher as required by the Sullivan County Civil Service Rules.

54.     Respondents acted in an arbitrary, capricious manner, acted in error of law, and/or otherwise abused their discretion when they summarily terminated Mr. Solomon's employment without any notice as required by the Sullivan County Civil Service Rules.

55.     Respondents acted in an arbitrary, capricious manner, acted in error of law, and/or otherwise abused their discretion when they failed to and/or refused to recognize Mr. Solomon as a permanent Public Safety Dispatcher for the Village of Monticello Police Department.

56.     Respondents acted in an arbitrary, capricious manner, acted in error of law, and/or otherwise abused their discretion when they abruptly and summarily terminated Mr. Solomon's employment for alleged "unsatisfactory performance" despite his performance uniformly exceeding expectations.

57.     Insofar as the respondents, in its effort to discharge Petitioner Solomon, violated each of the above-referenced laws, rules, regulations, policies, procedures and practices, their termination of petitioner was arbitrary, capricious, constituted a failure to comply with legal obligations enjoined on it by law, and/or constituted an abuse of discretion.

### AS AND FOR A SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE CONSTITUTION

58.     Petitioner repeats and realleges paragraphs numbered 1 through 57 as if fully set forth herein.

59.     Article I, § 6 of the New York State Constitution guarantees that an individual may not be "deprived of life, liberty or property without due process of law." Likewise, the 14th Amendment of the U.S. Constitution states "…nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

60.     Petitioner Solomon had attained permanent status as a Competitive class employee in the classified Civil Service of Sullivan Count through appointment or estoppel.

61.     Petitioner Solomon's permanent employee status constitutes a United States property interest under the due process clauses of the State and United States Constitutions.

62.     The respondents violated petitioner Solomon's Constitutional rights by depriving him of his property interest in his position as a Public Safety Dispatcher giving rise to due process rights guaranteed by the Constitutions and Civil Service Law § 75.

63.     By promulgating a letter asserting that petitioner Solomon was being discharged for "unsatisfactory work performance," Mr. Nikolados disseminated false stigmatizing and/or defamatory statements concerning Mr. Solomon in his profession.

64.     By disseminating false statements of fact concerning Mr. Solomon in his profession, Mr. Nikolados acted with actual malice as he impugned Mr. Solomon's good name, integrity, and personal and professional reputation in the community which he served.

65.     Mr. Nikolados' and/or respondents' actions and statements disseminating false statements of fact concerning Mr. Solomon in his profession violated Mr. Solomon's liberty interest as a Public Safety Dispatcher giving rise to due process rights as guaranteed by the New York and United States Constitutions.

66.     By failing to evaluate Mr. Solomon's performance, failing to provide a specific reason for his termination, in writing and in advance of his abrupt and summary discharge, and failing to provide an opportunity to request an interview, respondents also violated Mr. Solomon's due process rights as guaranteed by the New York and United States Constitutions.

67.     The respondents violated petitioner Solomon's Constitutional rights by denying him equal protection insofar as other permanently appointed Dispatchers who have been alleged to have unsatisfactory performance have been entitled to written charges of misconduct or incompetence, adequate notice, and a hearing before being terminated pursuant to the above-referenced Constitutional requirements and Civil Service Law § 75.

68.     Article V, section 6 of the State Constitution requires that appointments to the classified service of the State be "made according to merit and fitness to be ascertained…."

69.     Following Mr. Solomon's successful completion of the applicable Civil Service examination and his appointment and performance on the job as a Public Safety Dispatcher for the Village of Monticello, petitioner Solomon proved his merit and fitness as a Public Safety Dispatcher for the Village of Monticello Police Department.

70.     In terminating petitioner Solomon summarily and abruptly without performance evaluations, advance written notice, written charges, and without providing petitioner a statutorily required full and fair disciplinary hearing, the respondents violated the State and United States Constitutions and Sullivan County's own Civil Service Law, rules and regulations. In doing so, respondents acted arbitrarily, capriciously, abused their discretion, and/or acted in bad faith.

## AS AND FOR A THIRD CAUSE OF ACTION

### VIOLATION OF NEW YORK STATE LABOR LAW § 201-d

71.     Petitioner repeats and realleges paragraphs numbered 1 through 70 as if fully set forth herein.

72.     Pursuant to New York State Labor Law § 201-d(2)(a), it is unlawful for an employer to discharge from employment or otherwise discriminate against an individual because of his or her political activities outside of working hours, off of the employer's premises and without use of the employer's equipment or other property, if such activities are legal.

73.     Labor Law § 201-d(1)(a) defines "political activities" as running for public office, campaigning for a candidate for public office, or participating in fund-raising activities for the benefit of a candidate, political party, or political advocacy group.

74.     During the September 2020 election for Village Mayor of Monticello, Mr. Nikolados ran against incumbent Mayor Gary Sommers. Mr. Nikolados published multiple public statements regarding Mr. Solomon and his alleged assistance with Gary Sommers' campaign.

75.     Following the election, Mr. Nikolados has made it his mission to terminate Mr. Solomon's employment with the Police Department.

76.     The alleged assistance with Mr. Sommers' campaign constitutes a political activity.

77.     By terminating Mr. Solomon's employment, respondents unlawfully discriminated against and summarily terminated Mr. Solomon due to his political affiliations and/or actions pursuant to Labor Law 201-d.

78.     Sullivan County Civil Service Rule XXIV prohibits discrimination "exercised, threatened or promised against or in favor of any applicant or eligible because of his political opinions or affiliations."

79.     By terminating Mr. Solomon's employment, respondents unlawfully discriminated against Mr. Solomon pursuant to the Sullivan County Civil Service Rules.

80.     As petitioner Solomon allegedly participated in a political activity, and has otherwise fulfilled the statutory criteria set forth in Labor Law § 201-d and Civil Service Rule XXIV, respondents discharged or otherwise discriminated against Mr. Solomon because of his participation in political activities.

81.     For the aforementioned reasons, respondents violated petitioner's rights pursuant to New York State Labor Law § 201-d and Sullivan County Civil Service Rule XXIV.

### AS AND FOR A FOURTH CAUSE OF ACTION

### VIOLATION OF NEW YORK STATE PUBLIC OFFICERS LAW § 89

82.     Petitioner repeats and realleges paragraphs numbered 1 through 81 as if fully set forth herein.

83.     On or about June 11, 2021, respondents were served with a Freedom of Information Law Application pursuant to Public Officers Law § 89.

84.     Pursuant to Public Officers Law § 89, the respondents were required to respond to petitioner's FOIL application within five business days.

85.     To date, the respondents have not provided any records, documents, information, or substantive response to petitioner's FOIL application.

86.     For the aforementioned reasons, respondents violated petitioner's rights pursuant to Public Officers Law § 89.

**FOR EACH AND EVERY OF THE ABOVE-DESCRIBED CAUSES OF ACTION**

87.  Every day that respondents fail and/or refuse to employ petitioner Solomon, results in irreparable harm to petitioner.

88.  By its actions, the respondents used petitioner's alleged probationary status as an excuse to deny petitioner Solomon fundamental fairness related to his State and Federal Constitutional rights, as well as his right not to be terminated from employment based on respondents' abuse of their discretion, and arbitrary, capricious, and bad faith actions.

89.  Respondents have engaged in a pattern and course of conduct in which it has failed to comply with the State and Federal Constitutions, Civil Service Law, other applicable laws, the Sullivan County Civil Service Rules, and other regulations, policies, practices and/or procedures.

90.  By their acts and omissions, respondents have refused and/or failed to perform duties and obligations enjoined upon them by law.

91.  Respondents' determinations and actions have violated lawful procedure, were affected by errors of law, and/or were otherwise arbitrary, capricious, made in bad faith, and constituted an abuse of discretion.

92.  Petitioner has fulfilled all conditions precedent necessary to commence this special proceeding.

93.  No prior application for the relief requested herein has been made.

**WHEREFORE**, petitioner prays for an Order and Judgment as follows:

1.  declaring that the respondents engaged in conduct that was in violation of lawful procedure, was affected by errors of law, constituted bad faith, failed to perform a duty enjoined upon them by law, and/or was otherwise arbitrary, capricious and/or an abuse of discretion;

2.  declaring respondents' actions in dismissing petitioner void;

3.      directing respondents to immediately restore petitioner to employment nunc pro tunc to the last date of his employment with the Police Department, with full backpay, benefits, and all other emoluments of employment;

4.      directing respondents to forthwith comply with petitioner's FOIL application by providing full, complete, and substantive responses;

5.      making petitioner otherwise whole by awarding him compensatory, consequential and other monetary damages based on petitioner's losses incurred due to the respondents' abuse of discretion, and arbitrary, capricious, and/or bad faith actions;

6.      awarding reasonable attorneys' fees and other litigation costs and expenses incurred; and

7.      together with such other and further relief as this Court deems just and equitable.

Dated: Melville, New York
       July 20, 2021

_____
YERMIA SOLOMON

## VERIFICATION

**STATE OF NEW YORK }**
**COUNTY OF SUFFOLK } ss.:**

      I, Yermia Solomon, being duly sworn, depose and say that deponent is the Petitioner in the within action; I have read the forgoing VERIFIED PETITION, and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                        _____
                                YERMIA SOLOMON

Sworn to before me on
July 20, 2021

_____
Notary Public

HOWARD E. GILBERT
Notary Public, State of New York
No. 02GI4737031
Qualified in Suffolk County
Commission Expires July 31, \_\_21

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 18 of 22

# EXHIBIT 1

## CERTIFICATION OF ELIGIBLES

Copy 1
Return this copy to Civil Service

| TO: CHIEF ROB MIR | FROM: SULLIVAN COUNTY |
| CHIEF OF POLICE | PERSONNEL AND CIVIL SERVICE |
| | 100 NORTH ST., P.O. BOX 5012 |
| | MONTICELLO, NY 12701-5192 |

RETURN THIS FORM ON OR BEFORE: 11/15/2020

| TITLE: PUBLIC SAFETY DISPATCHER | LOCATION: VILLAGE OF MONTICELLO | EXAM NUMBER: 68910 |
| # POS / TYPE / TIME / MONTHS/LIST TYPE 1 / Permanent /PART TIME/12/G | SALARY: $13.00/HOUR | DATE OF CERTIFICATION: 09/17/2020 |

| # | NAME AND ADDRESS | FINAL EXAM RATING | VET/SEN CREDITS | REPORT OF ACTION | SALARY | EFFECTIVE DATE OF APPOINTMENT |
|---|---|---|---|---|---|---|
| 1. | CLARK, JASON H<br>449 NORTH SALEM ROAD<br>BREWSTER, NY 10509<br>(914)403-2701 (home)<br>(914)403-2701 (work)<br>JASON.CLARK@CORTLAND.EDU | 90.00 | 0.00 /0.00 | | | |
| 2. | PICARD, CARLY<br>582 SHORE ROAD<br>SWAN LAKE, 12783<br>(845) 701-3426 (home)<br>SPEERC123@GMAIL.COM | 85.00 | 0.00 /0.00 | | | |
| 3. | FURMAN, JESSICA J<br>60 CANAL ST<br>PORT JERVIS, NY 12771<br>(845) 754-1874 (home)<br>JESSICA.FURMAN@OUTLOOK.COM | 85.00 | 0.00 /0.00 | | | |
| 4. | SOLOMON, YERMIA<br>207 ROSS ST, #4<br>BROOKLYN, NY 11211<br>(718)576-9187 (work) | 85.00 | 0.00 /0.00 | PERMANENT APPOINTMENT | $ 13.00 HR. | 9/29/2020 |
| 5. | JACOBS, KALYN C<br>5 MOULTON STREET<br>ELLENVILLE, NY 12428<br>(845) 978-3921 (home)<br>(845) 978-3921 (work)<br>KALYNJACOBS76@AOL.COM | 85.00 | 0.00 /0.00 | | | |

*Final rating includes any veteran or disabled veteran credits shown.
READ CAREFULLY THE INSTRUCTIONS PROVIDED FOR USE OF THIS FORM

_____
PERSONNEL OFFICER

APPOINTING OFFICER
MAYOR / VILLAGE MANAGER
TITLE
09/17/2020
DATE

Case 7:21-cv-06666-VB   Document 1-1   Filed 08/06/21   Page 20 of 22

# EXHIBIT 2

# VILLAGE OF MONTICELLO



March 26, 2021

Yermia Solomon,

This correspondence is to notify you that you have been terminated from you position as part-time dispatcher due to unsatisfactory job performance, effective immediately.  Your final check will be available on April 9 2021.

Regards,

George Nikolados
Manager
Village of Monticello

2 PLEASANT STREET
MONTICELLO, NY 12701
(845) 794-6130
FAX (845) 794-2327
WWW.VILLAGEOFMONTICELLO.COM

STATE OF NEW YORK
COUNTY OF SULLIVAN

In the Matter of the Claim of

YERMIA SOLOMON

Petitioner,

-against-

VILLAGE OF MONTICELLO POLICE DEPARTMENT, VILLAGE OF MONTICELLO BOARD OF TRUSTEES, THE VILLAGE OF MONTICELLO, and GEORGE NIKOLADOS, Individually and as Village Manager and Mayor,

Respondents.

## NOTICE OF PETITION and VERIFIED PETITION

### GILBERT LAW GROUP

**Attorneys for Petitioner**

425 BROADHOLLOW ROAD, SUITE 405
MELVILLE, NEW YORK 11747-4701
631.630.0100

Service of a copy of the within Notice of Petition, Verified Petition, Exhibits, and RJI is hereby admitted on behalf of all Respondents.

Dated: _____    _____

YOURS, ETC.

### GILBERT LAW GROUP

**Attorneys for Claimant**

425 BROADHOLLOW ROAD, SUITE 405
MELVILLE, NEW YORK 11747-4701
631.630.0100