UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
  YERMIA SOLOMON,
                 Petitioner,

v.

VILLAGE OF MONTICELLO POLICE
DEPARTMENT; VILLAGE OF
MONTICELLO BOARD OF TRUSTEES;
VILLAGE OF MONTICELLO; and GEORGE
NIKOLADOS, individually and as Mayor and
Village Manager,
                 Respondents.
--------------------------------------------------------------x

**ORDER**

21 CV 6666 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2021

      Petitioner commenced this proceeding in the New York State Supreme Court, Sullivan County, on July 20, 2021, seeking relief pursuant to Article 78 of the New York Civil Practice Law and Rules. Petitioner alleges, in short, that respondents unlawfully terminated him from his position as a Public Safety Dispatcher without following the procedures required by New York's Civil Service Law. Among other things, petitioner alleges respondents' actions violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. #1-1 at ¶¶ 59, 61–66).

      Respondents removed this case from state court by filing a Notice of Removal on August 6, 2021. Respondents assert this Court has original jurisdiction under 28 U.S.C. § 1331 because petitioner seeks relief for violations of the U.S. Constitution.

      On August 11, 2021, petitioner filed a letter seeking to remand this action to the State Court, arguing that other Courts in this district have "consistently denied supplemental or original jurisdiction over Article 78 proceedings." (Doc. #4 at ECF 2). Moreover, petitioner offers to "withdraw any allegations that Respondents have violated the United States Constitution." (Id. at ECF 2–3).

      Removal is proper so long as "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpiller Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction" over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

      However, when a petitioner voluntarily abandons claims giving rise to original jurisdiction, district courts may, in their discretion, refuse to exercise supplemental jurisdiction over remaining state-law claims and remand a case to state court. See, e.g., Chapman v. Crane

1

Co., 694 F. App'x 825, 829 (2d Cir. 2017) (summary order); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is hereby ORDERED that, by **August 16, 2021**, petitioner shall inform the Court, in writing, whether he formally withdraws and abandons any and all claims against respondents arising under the U.S. Constitution.

Dated: August 12, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge